## STOCKS v. DAMANN.

Circuit Court, Dade County, Civil Appeal.
December 27, 1951.

————•————

Walter J. Migoski, Dudziak & Migoski, Miami, for appellant.

Charles F. Wells, Miami, for appellee.

J. N. MORRIS, Circuit Judge.

Plaintiff filed a petition for removal of tenant under chapter 83, Florida Statutes, in the civil court of record.

Summons was issued on September 12, 1951, returnable on the fourth day after service, and was served on the next day. On the fourth day after service, on September 18, default judgment was entered. On the same day, defendant filed a motion to dismiss.

On September 25 the court of its own motion set aside the default and final judgment, two days later sustaining the motion to dismiss, with leave to amend. Plaintiff immediately filed an amended petition — attaching the original lease to it.

On October 2, upon the defendant filing a defense to the petition, the court entered final judgment awarding possession of the premises to plaintiff — but failed and refused to allow costs.

I believe the only error the court committed was in eliminating costs to the prevailing party from the final judgment. Section 83.26, Florida Statutes, specifically provides:

> In every case the prevailing party shall have judgment for his costs, and the judge shall issue execution therefor on the third day thereafter unless an appeal be taken.

It follows that this cause should be, and is hereby reversed with directions to the court to amend its final judgment and provide for the allowance of costs to the plaintiff.